UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ANTHONY TWOREK, on his own behalf and
others similarly situated,

    Plaintiff,

v.

777 BRICKELL PARTNERS, LLC, a Texas Limited Liability Company,
TRULUCK'S SEAFOOD, LLC, a Texas Limited Liability Company,
and XYZ ENTITIES 1-10 (fictitious names of unknown liable entities),

    Defendants.
_____/

## COMPLAINT

1. Plaintiff, ANTHONY TWOREK (hereinafter referred to as "Plaintiff"), was an employee of Defendants, 777 BRICKELL PARTNERS, LLC, TRULUCK'S SEAFOOD, LLC and their divisions, subsidiaries and affiliates, however constituted, including but not limited to XYZ ENTITIES 1-10, all doing business throughout the United States as d/b/a TRULUCK'S SEAFOOD STEAK AND CRAB HOUSE, including in Miami-Dade County and throughout the State of Florida, within the jurisdiction of this Court (collectively as "Defendants"), and brings this action on behalf of himself and other current employees and former employees of Defendants similarly situated to him for minimum wage compensation, overtime compensation, and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).

2. In one or more work weeks during the three (3) year statute of limitations period between approximately September 2010 and March 2012, Plaintiff performed non-exempt duties as a server for Defendants in their TRULUCK'S SEAFOOD STEAK AND CRAB HOUSE

restaurant in Miami-Dade County, Florida.

3. Defendants, 777 BRICKELL PARTNERS, LLC, TRULUCK'S SEAFOOD, LLC, and XYZ ENTITIES 1-10, have at all times material hereto owned and/or operated a business with approximately eleven (11) TRULUCK'S SEAFOOD STEAK AND CRAB HOUSE restaurants across the United States with locations in Texas, California, and Florida, including in Miami-Dade, Florida, within the jurisdiction of this Court, as well as at several other locations throughout Florida. It is the intent of this collective action to apply to all similarly situated employees nationwide regardless of location.

4. This action is brought to recover from Defendants unpaid minimum wages, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

5. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b).

6. At all times material to this Complaint, 777 BRICKELL PARTNERS, LLC, TRULUCK'S SEAFOOD, LLC, and XYZ ENTITIES 1-10, individually and/or collectively, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

7. Based upon information and belief, the annual gross sales volume of 777 BRICKELL PARTNERS, LLC, TRULUCK'S SEAFOOD, LLC, and XYZ ENTITIES 1-10, individually and/or collectively, has been in excess of $500,000.00 per annum at all times material hereto.

8. At all times material to this Complaint, 777 BRICKELL PARTNERS, LLC, TRULUCK'S SEAFOOD, LLC, and XYZ ENTITIES 1-10 have constituted an enterprise

engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

9. Defendants, 777 BRICKELL PARTNERS, LLC, TRULUCK'S SEAFOOD, LLC, and XYZ ENTITIES 1-10, comprise or operate one or more divisions, subsidiaries, or affiliated companies doing business as TRULUCK'S SEAFOOD STEAK AND CRAB HOUSE, and include/are fictitious names for companies, partnerships, joint ventures, corporations, or other entities responsible for the wrongful conduct and labor practices causing harm to the Plaintiff and those similarly situated, as further alleged herein. The true names and capacities of these XYZ ENTITIES 1-10 are unknown to Plaintiff at this time, but Plaintiff will further amend the Complaint when and if the true names of said defendants become known such that they can be correctly named.

10. Defendants directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated, non-exempt hourly employees at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated. Alternately, Defendants, and each of their respective divisions, subsidiaries or affiliates, however constituted, were joint employers of Plaintiff and other similarly situated non-exempt hourly employees because each, respective division, subsidiary or affiliate acts directly or indirectly in the interest of the other in relation to such Plaintiff and such similarly situated persons. As a further alternative, Defendants and each of their divisions, subsidiaries or affiliates, however constituted for the location(s) at issue, including, were joint employers of the Plaintiff and the similarly situated non-exempt hourly employees because they commonly controlled the terms of compensation and employment of Plaintiff and others similarly situated, and are not completely disassociated with respect to the

3

terms of compensation and employment of Plaintiff and others similarly situated. As a final alternative, Defendants and each of their divisions, subsidiaries or affiliates, however constituted for the location(s) at issue, directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated non-exempt hourly employees at all of Defendants' locations at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated.

11. The additional persons who may become Plaintiffs in this action are Defendants' current and former servers and other similarly situated non-exempt employees at any TRULUCK'S SEAFOOD STEAK AND CRAB HOUSE restaurant nationwide who, in one or more work weeks between April 2009 and the present: (a) did not receive the applicable minimum wage for each hour worked for Defendants; and/or (b) did not receive time and a half of their applicable regular rate of pay by law for all of the hours they worked over Forty (40) hours per week.

12. Plaintiff regularly worked in excess of Forty (40) hours per week in one or more weeks during his employment with Defendants within the three (3) year statute of limitations period as a result of performing off the clock work as known to and/or suffered and permitted by Defendants.

13. Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of Forty (40) hours per week and/or without receiving at least the minimum wage required by law for all hours worked in one or more work weeks during their employment with Defendants between April 2009 and the present as a result of performing off the clock work as known to and/or suffered and permitted by Defendants.

14. However, Defendants have failed to pay the minimum wage required by law and have not paid time and a half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to him in one or more work weeks within the three (3) year statute of limitations period as a result of Plaintiff and the other similarly situated employees performing off the clock work as known to and/or suffered and permitted by Defendants.

15. Based upon information and belief, Defendants have failed to maintain records of the actual start time, stop time, total hours worked each day, and total number of hours worked each week by Plaintiff and the other similarly situated employees for each and every work week within the three (3) year statute of limitations period.

16. The complete records concerning the compensation actually paid to Plaintiff and all other similarly situated employees are in the possession and custody of Defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

17. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 17 above.

18. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of Forty (40) hours per work week during his employment with Defendants within the three (3) year statute of limitations period between approximately September 2010 and March 2012.

19. Throughout his employment with Defendants, Plaintiff regularly worked five (5) to six (6) days per week with start times of approximately 11:00 a.m. and stop times of approximately 3:00 p.m. on the lunch shift, and start times of approximately 6:00 p.m. and stop times of approximately 12:00 a.m. for the dinner shift—with many days on which Plaintiff

worked both the lunch and dinner shifts.

20. During a total of approximately Forty-Five (45) work weeks between approximately April 2011 and March 2012, Plaintiff performed an average of approximately six (6) hours off the clock per week.

21. During approximately Thirty (30) weeks between approximately April 2011 and March 2012, Plaintiff worked in excess of Forty (40) hours per week—including performing an average of approximately six (6) hours off the clock per week—such that based upon Plaintiff being owed unpaid overtime wages at the rate of $10.88/hour [$7.25/hour x 1.5] during those 30 work weeks, Plaintiff's unpaid overtime wages for this period total $1,958.40 [$10.88/hour x 6 uncompensated OT hours/week x 30 weeks = $1,958.40].

22. All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they worked and were not properly paid between April 2009 and the present.

23. Defendants knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to him at time and one half of their regular rate of pay for all hours worked in excess of Forty (40) per week.

24. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

25. As a result of Defendants' willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

26. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and

costs incurred in this action from Defendants.

27. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, ANTHONY TWOREK, and those similarly situated to him who have or will opt into this action, demands judgment, jointly and severally, against Defendants, 777 BRICKELL PARTNERS, LLC, TRULUCK'S SEAFOOD, LLC, and XYZ ENTITIES 1-10, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## COUNT II
## RECOVERY OF MINIMUM WAGE COMPENSATION

28. Plaintiff readopts and realleges all allegations contained in Paragraphs 1 through 16 above.

29. Effective July 24, 2008, all of Defendants' non-exempt employees were entitled to be paid the minimum wage required by the FLSA of $6.55/hour for each hour they worked for Defendants.

30. Since July 24, 2009, all of Defendants' non-exempt employees have been entitled to be paid the minimum wage required by the FLSA of $7.25/hour for each hour worked for Defendants.

31. Defendants have knowingly and intentionally failed to pay Plaintiff and the other similarly situated employees at the minimum wage required under the FLSA for each hour they have worked at all times material hereto.

32. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and the other similarly situated employees have been damaged in the loss of minimum wages for multiple work weeks between April 2009 and the present.

33. During a total of approximately Forty-Five (45) work weeks between approximately April 2011 and March 2012, Plaintiff performed an average of approximately six (6) hours off the clock per week, such that for the approximately Fifteen (15) week period during this time in which Plaintiff worked under Forty (40) hours, based upon Plaintiff being owed unpaid minimum wages at the rate of $7.25/hour for six (6) hours off the clock per week, Plaintiff's unpaid minimum wages total $652.50 [$7.25/hour x 6 uncompensated regular work hours/week x 15 weeks = $652.50].

34. As a result of Defendants' willful violations of the FLSA, Plaintiff and the other similarly situated employees are entitled to liquidated damages.

35. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, ANTHONY TWOREK, and those persons similarly situated to Plaintiff who have or will join this action, demands judgment against Defendants, jointly and severally, 777 BRICKELL PARTNERS, LLC, TRULUCK'S SEAFOOD, LLC, and XYZ ENTITIES 1-10, for the payment of compensation at a rate no less than the applicable per hour minimum wage for all hours worked, liquidated damages, reasonable attorneys' fees, costs of suit, prejudgment interest, and all other appropriate relief.

Dated: April 26, 2012
       Boca Raton, Florida

Respectfully submitted,

/s/ Gregg I. Shavitz
Gregg I. Shavitz
Florida Bar No. 11398
E-mail: gshavitz@shavitzlaw.com
Keith M. Stern
Florida Bar No. 321000
E-mail: kstern@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to opt-in to be a party plaintiff in a lawsuit against Defendant(s), Truluck's Steak & Seafood, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature

Anthony Tworek
_____
Print Name